IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RODNEY JEROME MILES,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 5:25-cv-00017-MTT-CHW |
| : | |
| **GEORGIA DEPARTMENT OF** : | |
| **CORRECTIONS,** : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| Defendant. : | |

## ORDER

*Pro se* Plaintiff Rodney Jerome Miles, a prisoner incarcerated in Calhoun State Prison in Morgan, Georgia, filed a document which appears to be a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not submit his pleading on the required § 1983 complaint form, pay the filing fee, or move to proceed *in forma pauperis*. Accordingly, Plaintiff is **ORDERED** to (1) recast his complaint on a standard form, and (2) either pay the $405.00 filing fee or if indigent, submit a properly completed motion to proceed *in forma pauperis*. Plaintiff must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this

action.[1]  Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions.  Plaintiff is to honestly, thoroughly, and completely answer each question presented in the Court's standard § 1983 complaint form, and he is to submit his answers on the form as feasible.

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original pleading**.  The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form.  Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.  As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

---

[1] Plaintiff appears to raise claims against the Georgia Department of Corrections. ECF No. 1 at 1.  The Eleventh Amendment bars a §1983 action against the State of Georgia and its agencies, such as Georgia Department of Corrections, regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bar to suit against state applies "regardless of the nature of the relief sought."); *Leonard v. Dep't of Corr.*, 782 F. App'x 892, 894 (11th Cir. 2007) (noting the Eleventh Amendment bars suit against the Georgia Department of Corrections); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir. 1989); *Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability).  Thus, any § 1983 claims against the Georgia Department of Corrections will be dismissed.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his complaint on the Court's standard § 1983 form, and (2) either pay the $405.00 filing fee or if indigent, submit a properly completed motion to proceed *in forma pauperis*. The **CLERK** is **DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 complaint form, and a copy of the Court's standard *in forma pauperis* application and associated documents with this Order. Plaintiff must immediately inform the Court in writing of any change in his mailing address and failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED and DIRECTED**, this 18th day of March, 2025.

                                                              s/ Charles H. Weigle
                                                              Charles H. Weigle
                                                              United States Magistrate Judge